BLUTHENTHAL et al. v. SOUTHERN RY. CO.

(Circuit Court, N. D. Georgia.    November 13, 1898.)

CARRIERS—DUTY TO CARRY LAWFUL GOODS—INTOXICATING LIQUORS—INJUNCTION.

A railroad company will be enjoined from refusing to carry from another state into South Carolina intoxicating liquors in original packages, consisting of bottles packed in wooden cases, when tendered in car-load lots, with a release of liability for waste or breakage not resulting from its own negligence.

## Application for Mandatory Injunction.

This was a bill filed by Bluthenthal & Bickart, residents and citizens of the Northern district of Georgia, against the Southern Railway Company, a corporation of Virginia, and a resident and citizen of Virginia.    Bluthenthal & Bickart were engaged in interstate commerce in the state of South Carolina and other states, and they were engaged several months prior to the filing of their bill in shipping goods consisting of whiskeys, brandies, wines, beer, and similar articles, in original packages, into South Carolina, and there selling the same through their agents.    In view of the dispensary law of South Carolina, they were compelled to sell such goods in original packages in that state, and to ship the goods into the state in original packages.    Beginning on or about August 1, 1897, they commenced making these shipments into South Carolina, and the Southern Railway Company received such shipments, and continued to receive them until on or about September 11, 1897.    Such shipments were received by the company with a release of liability signed by Bluthenthal & Bickart.    On September 11, 1897, Bluthenthal & Bickart were notified by the railway company that it would refuse to accept further shipments of original packages.    On the day following, a shipment of original packages of liquors was tendered to the railway company, and by it refused, although freight charges were offered in advance, and Bluthenthal & Bickart agreed to sign any release which the railway company would require.    The agent of the railway company exhibited to Bluthenthal & Bickart a circular issued by the company, which read as follows:

"Southern Railway Company.    General Freight Department.    Transportation of Interstate Commerce Shipments of Spirituous and Malt Liquors to Points Within the State of South Carolina.    Notice to Shippers and Connecting Lines.

"Counsel having decided that spirituous and malt liquors in bottles, when not packed in cases or casks, are not in proper shipping condition, and that the usual form of release will not relieve the company from liability in case of damage by wreckage, notice is hereby given that on and after September 16, 1897, shipments of spirituous and malt liquors in glass, loose, not packed in cases, casks, or kegs, will not be accepted by this company for transportation.

"Issued September 9, 1897.                    H. F. Smith, General Freight Agent.
"Effective September 16, 1897.
"Approved: J. H. Culp, Traffic Manager."

It was charged that the reason given by the railway company was not the real reason of their refusal, but charged that this railroad, with other railroads running into South Carolina, had entered into a conspiracy with the authorities of South Carolina by which the roads agreed to refuse to transport the goods of orators and others engaged in similar business into the state of South Carolina in original packages.    It was further charged that the state of South Carolina was engaged in the business of buying and selling spirituous and malt liquors, and wished to prohibit all other persons from engaging in such business in that state.    It was stated in their bill that the points to which they wished to ship the original packages in South Carolina were reached only by the Southern Railway Company, and that it was necessary for them to replenish their agencies at said places, and that irreparable damage would result

unless the railway company was compelled to accept the shipments. They offered and tendered said company shipments of original packages packed in wooden boxes, which tenders of shipment were refused.

Glenn, Slaton & Phillips, for complainants.
Dorsey, Brewster & Howell, for defendants.

Before PARDEE, Circuit Judge, and NEWMAN, District Judge.

PER CURIAM. This cause came on to be heard upon application for injunction pendente lite, was submitted upon affidavits, and argued, whereupon this court, being of opinion that the business of complainants of transporting liquors into the state of South Carolina for sale there under the lawful police regulations of that state is a legitimate business, which is entitled to be protected, and that the Southern Railway Company, as a common carrier, is required to receive and transport the goods of the complainant when tendered in such packages as will constitute reasonable and safe condition for shipment, and being of opinion, under the evidence submitted, that wines and liquors in bottles, packed in wooden cases, and tendered in car-load lots, as described in the complainants' bill and amendments thereto, are in reasonable and proper condition for shipment, and that the defendant company should receive and transport the same: It is ordered, that an injunction pendente lite issue, enjoining the defendant company from refusing to receive and transport car-load lots of the complainants' goods, packed and protected as set forth in complainants' bill, when accompanied with a waiver releasing the carrier from all waste and breakage not the result of the negligence of the defendant company or its agents.